**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DALE COOPER, LLC, d/b/a | ) | |
| SAFE SLIDE RESTORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-184 RLW |
| | ) | |
| JORDAN BAKEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This removed diversity matter is before the Court on Plaintiff's Unopposed Motion for Joinder of Additional Party and Motion for Leave to File Amended Complaint (ECF No. 37). The Motion will be denied without prejudice as the proposed amended complaint fails to adequately plead jurisdictional facts regarding Plaintiff's citizenship.

**Discussion**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000). "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990).

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). For purposes of diversity jurisdiction, the citizenship of a limited liability company ("LLC") is the citizenship of each of its members. E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975

(8th Cir. 2015). For LLCs, the Court must examine factual allegations concerning the citizenship of each member of the LLC to determine whether it has diversity jurisdiction, not the LLC's states of organization and principal place of business. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004); OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) ("[A]n LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens."); see also Order Concerning Removal (ECF No. 8) at 2-3.

Here, the proposed First Amended Complaint alleges that Plaintiff is "a Missouri limited liability company with its principal place of business located in Missouri. Thus, Plaintiff is a citizen of the State of Missouri." (ECF No. 37-1 at 1, ¶ 1.) These allegations do not establish Plaintiff's citizenship for purposes of diversity jurisdiction. Instead, Plaintiff must allege facts as to the state(s) of citizenship of each of its members.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion for Joinder of Additional Party and Motion for Leave to File Amended Complaint (ECF No. 37) is **DENIED without prejudice**.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this _____ day of April, 2021.

---

[1]Upon refiling its motion together with a revised proposed amended complaint, Plaintiff should not place a exhibit sticker on the proposed amended complaint. Documents that require leave of Court for filing should not include an exhibit sticker unless the document will be an exhibit when filed. The Clerk is unable to remove an exhibit sticker from a PDF document for filing.